

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

HDM:JPL/NMA  *271 Cadman Plaza East*
F. #2016R00124  *Brooklyn, New York 11201*

February 23, 2024

**SUBMITTED UNDER SEAL**

Clerk of the Court
(For forwarding to randomly assigned U.S. District Judge)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*    FEBRUARY 23, 2024    \*
BROOKLYN OFFICE

24-CR-85
Judge Kiyo A. Matsumoto
Magistrate Judge Taryn A. Merkl

Re: United States v. Gunvor, S.A.
Criminal Docket Number 24-CR( 85 )

Dear Clerk of the Court and Judge Vitaliano:

Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case is presumptively related to United States v. Kohut, Cr. No. 21-115 (ENV); United States v. Antonio Pere, Cr. No. 20-376 (ENV); United States v. Enrique Pere, Cr. No. 20-377 (ENV); United States v. Arias, Cr. No. 21-628 (ENV).

I.   Background

Local Rule 50.3.2(b)(1) provides for a presumption that one case is "related" to another when the "facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to section (b)(1)."

This letter constitutes the notice directed by Local Rule 50.3.2(c)(1). The government expects that the defendant Gunvor, S.A. ("Gunvor" and the "Company") will waive indictment and plead guilty to one count of conspiracy to violate the Foreign Corrupt Practices Act

(the "FCPA"), in violation of Title 15, United States Code, Section 78dd-3, and Title 18, United States Code, Section 371, pursuant to a plea agreement with the government. This case is presumptively related to Kohut, Antonio Pere, Enrique Pere, and Arias because the charge in this case "arise[s] out of the same charged criminal scheme" as in Kohut, Antonio Pere, Enrique Pere, and Arias.[1]

As detailed in the criminal informations charging the Pere brothers, Kohut, and Arias, the government has been investigating a long-running scheme to bribe officials of the Ecuadorian state-owned oil company, Petroecuador, and the Ecuadorian Ministry of Hydrocarbons. As a part of the scheme, the Pere brothers paid bribes to numerous Ecuadorian officials, including Nilsen Arias, Petroecuador's International Trade Manager, to obtain and retain business for Gunvor and other trading companies including Vitol, S.A.[2] Kohut, a former Gunvor employee and agent, arranged for and facilitated the payments on Gunvor's behalf. There are significant overlaps among the individuals and entities involved in all of the charged cases. The Pere brothers and Kohut have admitted to paying bribes to Arias and other officials on Gunvor's behalf through a series of sham consulting agreements and shell entities. Likewise, Arias has admitted to receiving bribes from the Peres on Gunvor's behalf in exchange for using his influence to award Gunvor lucrative contracts with Petroecuador for the purchase and sale of fuel oil and liquidized petroleum gas ("LPG"). The Pere brothers, Arias, and Kohut are awaiting sentencing before Judge Vitaliano. Were this case to proceed to trial, the government anticipates that it would call the Pere brothers, Arias, and Kohut as witnesses, and the testimony from the Pere brothers and Arias would overlap significantly with their recent trial testimony before Judge Vitaliano in United States v. Aguilar, Cr. No. 20-390 (ENV).

II. Reassignment Appropriate

As the case is thus presumptively related, the government respectfully submits that reassignment would be appropriate, as it would likely result in a significant savings of judicial resources and serve the interests of justice.

III. Under Seal Request

The government respectfully requests that this notice be filed under seal. Local Rule 50.3.2(c)(2) states that the United States Attorney's Office may "move for leave to file a notice required by [this] rule ex parte and under seal for good cause shown." Id. Here, there is good cause to file this application under seal.

First, because the defendant has not yet been charged by indictment or information, there is currently no case pending against the Company. While the Company has entered into a

---

[1] Kohut, Antonio Pere, Enrique Pere, and Nilsen Arias have each entered into cooperation agreements with the government.

[2] Vitol, S.A. waived indictment and consented to the filing of a criminal information, pursuant to a deferred prosecution agreement with the government. See United States v. Vitol, Cr. No. 20-539 (ENV).

plea agreement with the government and the government anticipates that the Company will plead guilty, that agreement is not final until the Company pleads guilty and sentence is imposed by the Court in accordance with the agreement among the parties. See Fed. R. Crim. P. 11(c)(1)(C). The Company thus retains the choice not to plead guilty. The government and Company wish to avoid publicly disclosing the existence of a potential case against the Company until and unless the defendant enters a plea of guilty and sentence is imposed.

Second, premature disclosure of the fact of an anticipated criminal resolution with the Company, one of the world's largest independent energy trading companies, without the corresponding context of the details of that resolution could have significant adverse collateral consequences for the Company related to the Company's outstanding securities, other financing instruments, and counterparties. Because the details of the Company's resolution will not be disclosed until the Company enters its plea, disclosing the fact of the anticipated resolution now could have significant adverse collateral consequences for the Company.

Third, the disclosure of the potential criminal resolution with the Company could lead to publicity during the pendency of the Aguilar trial, which concerns similar misconduct involving some of the same intermediaries, including the Pere brothers, and Arias. In an abundance of caution, the government respectfully submits that sealing of this matter is in the public interest to avoid the potential that press reports of the Company's resolution will unduly influence the Aguilar jury.

The parties' application for sealing is in accord with the similar approach followed by Judge Vitaliano in United States v. Sargeant Marine Inc., Cr. No. 20-363, and by Judge Matsumoto in United States v. Keppel Offshore & Marine Ltd., Cr. No. 17-697 (KAM), Keppel Offshore & Marine USA, Inc., Cr. No. 17-698 (KAM), United States v. TechnipFMC plc, Cr. No. 19-278 (KAM), and United States v. Technip USA, Inc., Cr. No. 19-279 (KAM).

The government respectfully submits that the facts set forth above and the parties' interest in avoiding the premature disclosure of their proposed disposition constitute "good cause" under Local Rule 50.3.2(c)(2) and outweigh the public's qualified right to access. Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Cir. 2006). Accordingly, the government respectfully requests the Court record make "specific, on the record findings" that sealing is appropriate and file this notice under seal.

          Respectfully submitted,

          BREON PEACE
          United States Attorney
          Eastern District of New York

By:       /s/
      Jonathan P. Lax
      Nick M. Axelrod
      Assistant U.S. Attorneys
      (718) 254-7000