ATTACHMENT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONSENT ORDER OF FORFEITURE |
| - against - | Criminal Docket No. <u>24-85 (ENV)</u> |
| GUNVOR S.A., | |
| Defendant. | |

- - - - - - - - - - - - - - - - -X

## CONSENT ORDER OF FORFEITURE

WHEREAS, on or about March 1, 2024, Gunvor S.A. (the "Defendant"), entered a plea of guilty to conspiracy to violate the Foreign Corrupt Practices Act ("FCPA"), in violation of 18 U.S.C. § 371 and 15 U.S.C. § 78dd-3, as charged in the sole count of the above-captioned Information; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant has consented to the entry of a forfeiture money judgment (the "Forfeiture Money Judgment") in the amount of two hundred eighty-seven million, one hundred thirty-eight thousand, four hundred forty-four dollars and zero cents ($287,138,444.00), which amount represents property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the Defendant's violation of 18 U.S.C. § 371 and 15 U.S.C. § 78dd-3, and/or a substitute asset, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY STIPULATED AND AGREED, by and between the United States Department of Justice, Criminal Division, Fraud Section ("Fraud Section") and Money Laundering and Asset Recovery Section ("MLARS"), and the United States Attorney's Office for the Eastern

District of New York ("USAO-EDNY") (collectively, the "Offices") and the Defendant GUNVOR S.A., through its counsel, Mark A. Racanelli, Esq., that:

1. The Defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

2. The Forfeiture Money Judgment shall be paid in full no later than ten business days after entry of the judgment by the Court (the "Due Date"). All payments made toward the Forfeiture Money Judgment shall be made payable to the United States Marshals Service by wire transfer or other means pursuant to written instructions provided by the Offices. The Defendant consents to the restraint of all payments made toward the Forfeiture Money Judgment. The Defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

3. If the Defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the United States is authorized to seek forfeiture of, and the Defendant shall forfeit, any other property of the Defendant up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), as the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

4. Upon entry of this Consent Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), if the full amount of the Forfeiture Money Judgment is not paid as required in Paragraph 2, above. The United States alone shall hold title to the monies paid by the Defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

5. The Defendant shall fully assist the Offices in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to

effectuate any transfer of title to the United States. The Defendant shall not file a claim or petition seeking remission or contesting the forfeiture of any property against which the Offices seek to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The Defendant shall not assist any person or entity in filing a claim or petition seeking remission or contesting the forfeiture of any property against which the Offices seek to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

6.  The Defendant knowingly and voluntarily waives its right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the Defendant knowingly and voluntarily waives its right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.  The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due.

8.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order is final as to the Defendant and shall be deemed part of the Defendant's sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties paid or otherwise collected toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

9. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them, as well as any sale, merger, transfer of business operations or change in the Defendant's corporate form.

10. This Order shall be final and binding only upon the Court's "so ordering" of this Order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The signature page of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

**STIPULATED AND AGREED TO:**

**FOR GUNVOR S.A.:**

By: _____  Date: 3/1/24
Jean-Baptiste Leclercq
Chief Legal Officer, Gunvor S.A.

By: _____  Date: 3/1/24
Mark A. Racanelli
Rebecca Mermelstein
O'Melveny and Myers LLP
Counsel for Gunvor S.A.

**FOR THE U.S. DEPARTMENT OF JUSTICE:**

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: _____
Jonathan P. Robell, Assistant Chief
Derek J. Ettinger, Assistant Chief
Clayton P. Solomon, Trial Attorney

MARGARET A. MOESER
Acting Chief, Money Laundering and
   Asset Recovery Section
Criminal Division
U.S. Department of Justice

By: _____  Date: 1 March 2024
Adam Schwartz, Deputy Chief
D. Hunter Smith, Trial Attorney

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
Jonathan P. Lax
Nick M. Axelrod
Assistant United States Attorneys

**SO ORDERED:**

/s/Eric N. Vitaliano
_____  Date: 3/1/2024
THE HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE